UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELA G. SCHMALBACH,

        Plaintiff,

Case No. 1:16-cv-182

Hon. Robert J. Jonker

v.

UNITED STATES POSTAL SERVICE,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is now before the Court on a combined motion to set aside default and dismiss plaintiff's complaint filed by defendant United States Postal Service (USPS) (docket no. 12). Defendant's motions are unopposed.

### I.   Discussion

Plaintiff filed a small claims "Affidavit and Claim" against the "United States Postal Service" in Michigan's 56-A District Court alleging $624.00 in damages.  *See* Affidavit and Claim (docket no. 1-1).  In the affidavit, plaintiff stated that:

> I mailed a package on 4/15/15 Insured that arrived damaged.  The USPS has denied the claim.  Value of package is $599 + $25 postal cost subsequent mailings and court cost.

*Id.*  On November 11, 2015, the state court judge entered a "nonappearance default judgment" against the USPS, including court costs, in the amount of $ 680.89.  *See* Judgment (docket no. 13-2).

Defendant filed a Notice of Removal to this Court stating in pertinent part that:

3.     This action is removable pursuant to 39 U.S.C. §409(a), 28 U.S.C. §§ 1346(b)(1) and 1441(a) as it is a civil action commenced in a State Court against an agency of the United States.

    4.        By operation of the Federal Tort Claims Act (FTCA), this action is properly against the United States of America. 28 U.S.C. §§ 1346(b), 2401(b), 2671-80, and Defendant United States Postal Service is entitled to dismissal from this action. A Notice of Substitution is being filed contemporaneously with this Notice of Removal.

Notice of Removal (docket no. 1, PageID.1-2). The Notice also stated that the United States Attorney's Office did not receive a copy of the complaint until February 17, 2016. *Id.* at PageID.1.

In the present combined motion, defendant seeks to aside the default judgment and then to dismiss this action for lack of subject matter jurisdiction pursuant to ed. R. Civ. P. 12(b)(1) and for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). In § I of its supporting brief, defendant asks this Court to set aside the state court's judgment, noting that it has a meritorious defense because plaintiff cannot maintain an action for damage to a mailed item:

> Plaintiff's claim is excluded from the United States' waiver of sovereign immunity under the FTCA, 28 U.S.C. § 2680(b). Under the Postal Reorganization Act, the FTCA applies to "tort claims arising out of [Postal Service] activities." 39 U.S.C. § 409(c). The Postal Service, as an independent establishment of the executive branch of the United States, thus "enjoys federal sovereign immunity absent a waiver." *Dolan v. United States Postal Serv.*, 546 U.S. 481, 484 (2006); 39 U.S.C. §§ 101, 409. The FTCA specifically provides, however, that the waiver does not apply to "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). Here, Plaintiff's claim that the Postal Service damaged an item during mailing falls within section 2680(h) and thus, the United States has not waived its sovereign immunity for Plaintiff's claim against it. *Johnson v. United States*, 529 F. App'x 474, 476 (6th Cir. 2013) (section 2680(b) "immunity is intended to apply to all functions associated with delivery of the mail").

Defendant's Brief (docket no. 13, PageID.24-25).

Then, in § II.B. of its supporting brief, defendant seeks dismissal on the ground that this Court lacks jurisdiction over plaintiff's complaint. Defendant's Brief (docket no. 13, PageID.26-27). In support of this request, defendant states in part:

> Dismissal of the complaint is required because the United States has not waived sovereign immunity for Plaintiff's claim alleging that the Postal Service negligently handled her mail. As the sovereign, the United States is immune from suit unless it has consented to be sued. *Clay v. United States*, 199 F.3d 876, 879 (6th Cir. 1999). Its waiver of sovereign immunity is strictly construed and must be unequivocal. *Id*. Without an applicable waiver of sovereign immunity, a court does not have jurisdiction over Plaintiff's suit against the United States. *Dolan*, 546 U.S. at 485. . . .
>
> Plaintiff's claim fits into the list of torts for which the United States has not waived sovereign immunity. *See* 28 U.S.C. § 2680(b). She claims that the Postal Service damaged items during delivery - in other words, negligently transmitted her mail. This is precisely the type of claim that § 2680(b) excludes. Consequently, sovereign immunity bars Plaintiff's claim against the United States and the Court should dismiss the complaint with prejudice.

*Id*. at PageID.26-27.

Here, defendant has taken contradictory positions with respect to jurisdiction. First, defendant contends that this Court has jurisdiction to set aside the state court's default judgment against it because: plaintiff failed to properly serve it under Fed. R. Civ. P. 4(i); defendant has a meritorious defense to plaintiff's claim; and, plaintiff will not be prejudiced by setting aside the default judgment. Second, defendant contends that the entire lawsuit should be dismissed because the Court lacks jurisdiction to address plaintiff's claim. Defendant cannot have it both ways with respect to jurisdiction. This Court cannot exercise jurisdiction by setting aside a default judgment, and then dismiss the case because it cannot exercise jurisdiction over the merits of plaintiff's claim. For the reasons stated by defendant, the undersigned agrees that this Court lacks jurisdiction in this case. "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Having no jurisdiction, the Court looks to 28 U.S.C. § 1447(c) which provides in pertinent part that, "If at any time before final judgment it appears that the district court lacks subject matter

jurisdiction, the case *shall* be remanded" to the State Court from which it was removed (emphasis added).

### II.     Recommendation

Accordingly, I respectfully recommend that this matter be remanded to Michigan's 56-A District Court pursuant to 28 U.S.C. § 1447(c) and that defendant's combined motion to set aside the default judgment and dismiss the complaint (docket no. 12) be **DENIED** as moot.


Dated:  February 27, 2017          /s/ Ray Kent
                                   RAY KENT
                                   United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).