UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELA G. SCHMALBACH,

    Plaintiff,

CASE NO. 1:16-cv-182

v.

HON. ROBERT J. JONKER

UNITED STATES OF AMERICA,

    Defendant.

_____/

## ORDER ON REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Kent's Report and Recommendation in this matter (ECF No. 16) and Defendant's Objections to the Report and Recommendation (ECF No. 17). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> [t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Defendant's objections.

Plaintiff originally filed this case, which arises out of alleged damage to a package in the mail, in the Small Claims Court of Eaton County, Michigan. (ECF No. 1.) The government properly removed the case. (*Id.*) The removal took place within thirty days after the government received a copy of the complaint, but a "nonappearance default judgment" had already entered in the state court.[1] (ECF No. 1, ECF No. 13.) The government moves the Court to set aside the default judgment and dismiss Plaintiff's claims under FED. R. CIV. P. 12(b)(1) and 12(b)(6). The government seeks dismissal because the Federal Tort Claims Act ("FTCA") does not waive the United States' sovereign immunity for claims arising out of the Postal Service's alleged negligent transmission of mail.[2] (ECF No. 12.) The Magistrate Judge agreed with the government that the Court lacks jurisdiction over the claim based on sovereign immunity. But the Magistrate Judge found the government's position internally inconsistent with respect to jurisdiction, reasoning that if the Court lacks jurisdiction over the claim based on sovereign immunity, it lacks authority to set aside the default. Citing 28 U.S.C. § 1447(c), the Magistrate Judge recommends a remand of the case to the state court. (ECF No. 16.)

The government objects, pointing out that once a case is properly removed, "the federal court takes it as though everything done in the state court had in fact been done in the federal court."

---

[1]The default judgment entered in the state court before the government received a copy of the complaint. (ECF No. 1, PageID.1, ECF No. 13, PageID.23.)

[2]Plaintiff's claim names the United States Postal Service as the defendant. (ECF No. 1-1, PageID.4.) The Court entered an order amending the case caption to reflect the United States as the proper defendant under the FTCA, 28 U.S.C. § 2679(b)(1). (ECF No. 9, PageID.17.)

*Munsey v. Testworth Labs.*, Inc., 227 F.2d 902, 903 (6th Cir. 1955) (quotation omitted). The government is correct. A state court judgment subject to being set aside in state court before removal remains "subject to the same hazard in federal court after removal." *Id.* The government has established the propriety of setting aside the default judgment under FED. R. CIV. P. 60(b)(1), which permits relief from judgment due to "mistake, inadvertence, surprise, or excusable neglect." Courts "have applied Rule 60(b)(1) liberally to set aside default judgments, where the defendant moves for relief promptly, showing that the default was not willful, that the defendant has a meritorious defense, and that the opposing party will not be prejudiced." *Zolman v. United States*, 170 F. Supp. 2d 746, 751-52 (W.D. Mich. 2001). Plaintiff did not properly serve her complaint, and the government promptly removed the action upon learning of the default judgment. The record reflects that the government did not willfully allow the default judgment to enter against it. The government has a meritorious defense: sovereign immunity bars Plaintiff's claim under the FTCA, which provides that its waiver of sovereign immunity does not apply to "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). Setting aside the default will not prejudice the plaintiff, who cannot show that a delay "will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 2000). The Court also notes that despite ample time to do so, Plaintiff has responded neither to the government's motion to set aside the default and dismiss the complaint nor to the government's objection to the Report and Recommendation.

      For these reasons, the Court finds it appropriate to set aside the default judgment and dismiss the case for lack of jurisdiction.

**ACCORDINGLY, IT IS ORDERED:**

1. The Report and Recommendation (ECF No. 16) is **APPROVED AND ADOPTED** to the extent consistent with this Order and is **REJECTED** in all other respects.

2. Defendant's Motion to Set Aside Default and Dismiss Plaintiff's Complaint (ECF No. 12) is **GRANTED**.


Dated:      March 27, 2017                   /s/ Robert J. Jonker
                                                                 ROBERT J. JONKER
                                                                 CHIEF UNITED STATES DISTRICT JUDGE